| MOAN BERNARD ARMSTRONG, Judge.
STATEMENT OF THE CASE
We grant the defendants/relators’ application for supervisory writs to consider the correctness of a trial court’s judgment allowing Van Robichaux to file a petition for intervention for breach of contract in the present action.
The original action is a suit for damages sustained as a result of the plaintiffs’ exposure to asbestos. The suit was assigned to an ad hoc section of the 34th Judicial District Court for St. Bernard Parish which was set up to handle all asbestos cases. Intervenor, Van Robichaux, filed a petition for intervention for breach of contract in the present matter alleging that he was entitled to attorney fees as a result of his contract with plaintiffs attorney to provide consulting and support services. Ro-bichaux named LeBlanc, Maples & Wad-dell, L.L.C., F. Gerald Maples, P.A., F. Gerald Maples, Jules B. LeBlanc, III, J. Burton LeBlanc, IV, and Cameron R. Waddell as defendants in intervention.
Robichaux styled his pleading as a “petition of intervention for breach of contract.” He alleged in the petition that:
On or about June 30, 1994, J. Van Robichaux, Jr., personally and on behalf of the Robichaux Law Firm and F. Gerald Maples, personally and on behalf of F. RGerald Maples, P.A., entered into an agreement in the nature of a contractually established joint venture directly and with privity between J. Van Robi-. chaux, Jr. and F. Gerald Maples, personally and on behalf of F. Gerald Maples, P.A., relative to the obtaining of, and/or representation of, and/or providing support services for the cause of clients with asbestos claims and the sharing of contingency and/or other fees, and other obligations and responsibilities of the parties to said agreement concerning and in connection with asbestos claims filed in St. Bernard Parish, Louisiana.
The relators filed exceptions of insufficiency of citation and service of process, lack of subject matter jurisdiction, improper cumulation and improper joinder of parties, non-joinder of indispensable parties, no cause of action and no right of action. On August 21, 2001, the trial court denied all the exceptions except the insufficiency of service. The relators filed the present application seeking review of the trial court’s judgment.[1]
The relators contend that the trial court erred in denying their exceptions of lack of subject matter jurisdiction, improper cu-mulation and improper joinder of parties, *1010 non-joinder of indispensable parties, no cause of action and no right of action.

LACK OF SUBJECT MATTER JURISDICTION

The relators argue that the trial court did not have subject matter jurisdiction to consider the petition filed by Robichaux. The relators suggest that the trial court was limited to hearing only asbestos cases assigned to it by the Louisiana Supreme Court. On January 4, 1999, the Louisiana Supreme Court appointed retired Judge Niles A. Hellmers as a “judge ad hoc of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, for the purpose of hearing and disposing of case nos. (the order listed the specific cases assigned) on the docket of said court, subject to the completion of any unfinished business.”
|aLa. C.C.P. article 1 defines jurisdiction as “the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant relief to which they are entitled.” Subject matter jurisdiction is defined in La. C.C.P. article 2 as “the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” “A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.” La. C.C.P. article 3.
In the present matter, the Supreme Court granted Judge Hellmers the authority and power to hear the specific asbestos cases listed in the order. The judge was ordered to hear and dispose of the cases, including any unfinished business. Thus, if Robiehaux’s petition is a valid intervention, then the trial court would have jurisdiction to hear the matter. However, if Robichaux has not filed a valid intervention, then the trial court does not have subject matter jurisdiction over the matter. As it will appear through the discussion below, Robichaux has not filed a valid intervention in the present case. Thus, the trial court does not have subject matter jurisdiction to hear the merits of Robi-chaux’s petition.

IMPROPER CUMULATION OF ACTIONS, JOINDER OF PARTIES AND NON JOINDER OF INDISPENSABLE PARTIES

In these exceptions, the relators argue that Robichaux’s petition does not set forth a valid petition of intervention. La. C.C.P. article 1091 provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
| ¿The right to intervene requires the existence of a justiciable cause between the parties that is related or connected to the facts of the principal demand where a judgment on the principal demand will have a direct impact on the interve-nor’s right. In re Medical Review Panel Claim of Dunjee, 97-0451, 97-0452 (La.App. 4 Cir. 5/27/98), 715 So.2d 64.
A review of the petition filed by Robi-chaux reveals that it fails to comply with the requirements of article 1091. Plaintiff in intervention did not join with either the plaintiffs or the defendants against the other. Nor did the plaintiff in intervention assert allegations against both the plaintiff *1011 and defendant. In fact, the plaintiff did not name the plaintiffs or defendants as defendants in intervention. The plaintiff in intervention named entirely new defendants in his petition. Plaintiff in intervention named as defendants the plaintiffs’ present attorney, his law firm, and the members of his law firm alleging that plaintiff in intervention and plaintiffs’ present attorney entered into a contract in which plaintiff in intervention was to provide consulting and support services for plaintiffs’ attorney in the litigation filed in St. Bernard Parish.
Plaintiff in intervention contends that his petition is similar to liens filed by attorney pursuant to La. R.S. 37:218. That statute allows an attorney to assert a privilege to fees owed in a prior client’s cause of action while the litigation is pending. However, plaintiff in intervention’s argument is without merit, as plaintiff has not entered into a contract with the Scotts and the other original plaintiffs. Plaintiff in intervention has allegedly entered into a contract with another attorney to assist that attorney with his representation of the original plaintiffs. Plaintiff has not produced any evidence in support of his argument that | Bthe Scott plaintiffs authorized Maples to hire and/or contract with Robichaux. Furthermore, Robichaux has not even produced a signed contract between himself and Maples. A contract, if it exists, concerns the parties to the contract, i.e., Robichaux and Maples, not the plaintiffs and the defendants named in the original asbestos litigation and does not depend upon the outcome of the original litigation.
Therefore, the trial court erred when it denied the defendants’ exceptions of lack of subject matter jurisdiction, improper cu-mulation of actions, improper joinder of parties, and non-joinder of indispensable parties.
Because of the result we reach on the aforementioned defendants’ dilatory and declinatory exceptions, we pretermit any further discussion of the defendants’ other exceptions.
For the foregoing reasons, the defendants’ writ application is granted, the trial court’s judgment denying defendants’ exceptions of lack of subject matter jurisdiction, improper cumulation and improper joinder of parties, and non-joinder of indispensable parties is reversed and the petition in intervention is dismissed without prejudice.
WRIT GRANTED; JUDGMENT REVERSED; INTERVENTION DISMISSED WITHOUT PREJUDICE.

. Intervenor, Van Robichaux, filed an opposition to the writ application on October 2, 2001. Relators filed a reply brief on October 2, 2001.